LAWYERS FOR CLEAN WATER, INC.
Daniel Cooper (Bar No. 153576)
Justin Lucke (Bar No. 205004)
1004A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155                    CLOSED
Email: cleanwater@sfo.com

LAW OFFICES OF ANDREW L. PACKARD
Andrew L. Packard (Bar No. 168690)
319 Pleasant Street
Petaluma, California 94952
Tel. (707) 763-7227
Fax. (707) 763-9227
Email: andrew@packardlawoffices.com

Attorneys for Plaintiff
SANTA MONICA BAYKEEPER

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA MONICA BAYKEEPER, a non-profit corporation, | Case No. CV 07-03849 DDP (FMOx) |
| Plaintiff, | Hon. Dean D. Pregerson |
| v. | |
| KRAMER METALS, Inc., *et al.*, | **ORDER MODIFYING CONSENT DECREE** |
| Defendants. | |

**WHEREAS**, Baykeeper and Kramer Inc. (collectively referred to herein as the "Parties") entered into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint;

**WHEREAS**, on August 3, 2009, the District Court issued an order approving the Consent Decree and retaining jurisdiction over this action to resolve any disputes, including enforcement of the Decree's terms;

**WHEREAS**, Baykeeper filed a Motion for Civil Contempt, or in the Alternative, Motion to Enforce Consent Decree, ECF Dkt. No. 101, in this court on July 14, 2010;

**WHEREAS**, Baykeeper alleges that Kramer Metals violated the terms of the Consent Decree by: (1) failing to eliminate stormwater discharges from the areas at the 1760 Slauson Avenue facility ("Kramer 1760") where industrial activities occur (the "Containment Area"), in this instance by failing to roof the Containment Area; (2) installing infiltration ponds at Kramer 1760 without adequate analysis or documentation, without a demonstration that the ponds eliminate discharges from the Containment Area, and without following the Consent Decree's process to evaluate whether infiltration eliminates the discharge; (3) failing to timely provide Baykeeper with documents required by the Consent Decree; (4) failing to make stipulated payments totaling $4,000 for four missed deadlines contemplated in the Consent Decree; and (5) failing to make the agreed-to lump sum payment for the Environmental Mitigation Project and for Baykeeper's attorneys' fees and costs;

**WHEREAS,** Kramer denies Baykeeper's allegations and does not admit to any liability in connection with the Consent Decree;

**WHEREAS**, the Parties agree that in an effort to resolve this action without incurring additional fees and costs and to abate discharges of polluted stormwater as soon as possible, the Parties are stipulating to a modification of the Consent Decree ("Stipulation") resolving the disputes at issue;

**WHEREAS**, the Parties agree, pursuant to paragraph 40 of the Consent Decree to modify the Consent Decree to include the paragraphs set out below and that unless modified by this Stipulation all the terms of the Consent Decree continue in force;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

**A.   STORMWATER CONTAINMENT PROGRAM**

1.   <u>Design Storm</u>. The infiltration and containment plans required by this Stipulation are designed and shall be operated to infiltrate at least 95% of the average annual runoff volume ("Volume-Based Compliance Requirement").  The infiltration and containment plans shall be operated throughout the entire year.  The Volume-Based Compliance Requirement shall be based on an assumed runoff coefficient of 0.9 and the 20-year rainfall record from the Downtown L.A./USC Campus Rain Gauge ("Design Storm").

2.   Defendants shall install canopies, Infiltration Pits A and B, grates at Slauson Avenue and at Holmes Avenue, curbs at Randolph Street, trench drains, catch basins, among other measures, sufficient to capture and infiltrate stormwater as required in paragraph 1 above (collectively, "Stormwater Containment Program"), as fully detailed in The Kramer Facility Stormwater Containment Program (set forth on and attached hereto as Exhibit A). Defendants shall implement the Stormwater Containment Program on or before 1 January 2011.

**B.   VADOSE ZONE MONITORING**

3.   Defendant shall install a suction lysimeter vertically below and  within the ponding area of the existing infiltration pit, measuring 42 feet by 42 feet by 8 feet, located in the west side of the Kramer facility near Randolph Street ("Infiltration Pit A") by January 31, 2011 subject to the force majeure provisions in paragraph 33 of the Consent Decree.

4.    <u>Sampling</u>. Defendant Kramer Metals shall collect samples of infiltrating stormwater from the suction lysimeter described in paragraph 3.  These vadose zone samples shall be collected every time there is a  storm event of greater than one-tenth of one inch of rain for at least three separate storm events and within 24 hours after rainfall ends.  The lysimeter samples from the three separate storm events shall be analyzed for the metals (both total recoverable and dissolved) presented in table 1. Defendant shall compare the results of this analysis with the Maximum Contaminant Levels ("MCL") established by US EPA for the metals in Table 1.

**Table 1. Monitored Contaminants for Kramer Facility**

| **Contaminant** | <u>**MCL**</u> |
|---|---|
| Aluminum | 0.05 to 0.2 mg/L |
| Arsenic | 0.010 mg/L |
| Cadmium | 0.005 mg/L |
| Copper | 1.0 mg/L |
| Iron | 0.3 mg/L |
| Lead | 0.015 mg/L |
| Mercury | 0.002 mg/L |
| Silver | 0.10 mg/L |
| Zinc | 5 mg/L |

5.    Following any sampling required in paragraph 4, if the MCL for any contaminant listed in Table 1 is exceeded, Defendant shall inform Baykeeper within 48 hours of receiving the result and shall prepare and submit to the Baykeeper a plan within 30 days to perform additional assessments to evaluate the potential for MCL exceedances in groundwater itself ("Contingency Plan").  The Contingency Plan may include: literature research regarding background concentrations of metals in soil and groundwater; collection and analysis of background soil, pore water, and groundwater

1   samples; additional monitoring of the existing lysimeters; installation and monitoring of

2   deeper lysimeters; installation and monitoring of upgradient/downgradient groundwater

3   wells; vadose zone modeling; additional pretreatment Best Management Practices

4   ("BMPs")s, or other methods as appropriate to assess or to mitigate the potential for

5   exceedances of MCL in groundwater. The Baykeeper shall provide comments, if any, to

6   Defendant within 30 days of receipt.  Defendant shall incorporate the Baykeeper's

7   comments into the Contingency Plan and issue a report within 14 days of receiving

8   Baykeeper's comments.  If any of the Baykeeper's comments are not utilized, Defendant

9   shall justify in writing why any comment is not being incorporated within 14 days of

10   receiving comments.

11        6.    Following all sampling required in paragraph 4, if no MCL for any of the

12   contaminants listed in Table 1 is exceeded and Kramer has made all payments pursuant to

13   Section C below, Defendant shall move the Court to terminate the Consent Decree and

14   Baykeeper shall not oppose this request.  This paragraph supersedes the provisions of

15   paragraph 29 of the Consent Decree which previously governed termination of the

16   Consent Decree.

17        7.    Following the installation of the suction lysimeter, Defendant shall collect

18   grab samples of influent immediately prior to discharge into both infiltration pits for the

19   metals listed in Table 1 for the same three storm events Defendant must sample pursuant

20   to paragraph 4. If any of the influent samples collected during the three storm events

21   indentified in paragraph 4 reveal that influent into Infiltration Pit B has contaminant

22   levels that exceed those in the influent into Infiltration Pit A, Defendant shall inform

23   Baykeeper within 48 hours of receiving the result and shall prepare and submit to the

24   Baykeeper an action plan within 30 days to perform additional pretreatment to ensure

25   contaminant levels of Infiltration Pit B influent are equal to Infiltration Pit A influent

26   ("Action Plan").  The Baykeeper shall provide comments, if any, to Defendant within 30

27   days of receipt.  Defendant shall incorporate the Baykeeper's comments into the Action

28

Plan and issue a report within 14 days of receiving Baykeeper's comments.  If any of the Baykeeper's comments are not utilized, Defendant shall justify in writing why any comment is not being incorporated within 14 days of receiving comments.

8.     Any disputes as to the adequacy of the Contingency Plans and Action Plans shall be resolved pursuant to the dispute resolution provisions of the Consent Decree, set out at paragraphs 24 to 27.

## C.   ENVIRONMENTAL PROJECTS AND FEES

9.     Kramer shall pay fees and costs incurred in the contempt motion, totaling $57,000.  Fees to be paid on the schedule in paragraph 12 below and set forth in the Order approving the Stipulation ("Order").

10.     Kramer shall pay $20,500 as a Supplemental Environmental Project ("SEP"), addressing penalties available under the Consent Decree and via contempt through the date of execution of this stipulation, on the schedule in paragraph 12 below and set forth in the Order.

11.     Kramer shall pay $5,000 for compliance oversight for the requirements of the Stipulation on the schedule in paragraph 12 below and set forth in the Order.

12.     Kramer shall meet the obligations of paragraphs 9-11 above by making the following payments:  five (5) monthly payments beginning January 15, 2011 of $ 12,400 to meet the obligations of paragraphs 9 and 11 and one payment of $20,500 on June 15, 2010 to meet the obligations of paragraph 10.

13.     The payments under paragraphs 9 and 11 shall be made payable to "Lawyers for Clean Water Attorney Client Trust Account" and delivered by certified mail or overnight delivery to: Lawyers for Clean Water, Inc., 1004 O'Reilly Avenue, San Francisco, California 94129, attention Layne Friedrich.

14. The payment under paragraph 10 shall be made payable to the Santa Monica Bay Restoration Foundation and delivered by certified mail or overnight delivery to: Santa Monica Bay Restoration Foundation, 320 W. Fourth Street, Suite 200, Los Angeles, CA 90013, attention Shelley Luce.


IT IS SO ORDERED.


Dated: January 19, 2011                    _____

The Honorable Dean D. Pregerson
United States District Judge